**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MICHELLE COLLINS, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF DECEDENT MICHAEL COLLINS** | **CIVIL ACTION** |
| | **NO. 14-1900**<br>**C/W 14-2100** |
| **VERSUS** | **SECTION L-3** |
| **A.B.C. MARINE TOWING, L.L.C. AND BOARD OF COMMISSIONERS PORT OF NEW ORLEANS** | **JUDGE FALLON** |
| | **MAGISTRATE KNOWLES** |

**THIS BELONGS TO CASE NO. 14-2100**

*** * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * ***

**ANSWER TO COMPLAINT FOR EXONERATION**
**<u>FROM OR LIMITATION OF LIABILITY</u>**

**COMES NOW**, limitation claimant Michelle Collins, a person of majority age residing in Jefferson Parish, Louisiana, individually and as personal representative of decedent Michael Collins, a person of majority age who resided at all material times in Jefferson Parish, Louisiana and answers the Compliant for Exoneration from or Limitation of Liability of A.B.C. Marine Towing, LLC (ABC Marine) as follows:

**<u>FIRST DEFENSE</u>**

The Complaint fails to state a claim upon which relief can be granted.

**<u>SECOND DEFENSE</u>**

ABC Marine is not entitled to exoneration from or limitation of liability in these proceedings, since the unseaworthiness of the M/V COREY MICHAEL and the negligent conduct of limitation complainant occurred within the privity and knowledge of the complainant,

as the complainant itself was negligent in the management and operation of the M/V COREY MICHAEL, and in the training and supervision of her captain and crew.

**THIRD DEFENSE**

Limitation claimants respectfully aver that the security posted herein is legally insufficient due to its failure to include pending freight, insurance proceeds and other vessels within the fleet, the limitation fund is therefore inadequate, the value of complainants' interest in the M/V COREY MICHAEL, her pending freight, insurance proceeds and fleet sister vessels is far greater than the security and ad interim stipulation, and the limitation fund should therefore be dismissed.

**FOURTH DEFENSE**

And now, answering more particularly the allegations contained in the numbered paragraphs of the Complaint, limitation claimant avers as follows:

1.

Limitation claimant admits the jurisdictional allegations of Paragraph 1 of the Complaint as written.

2.

Limitation claimant admits the allegations of Paragraph 2 of the Complaint as written.

3.

Limitation claimant admits the allegations of Paragraph 3 of the Complaint as written.

4.

Limitation claimant admits the allegations of Paragraph 4 of the Complaint as written.

5.

Limitation claimant admits the allegations of Paragraph 5 of the Complaint as written.

6.

Limitation claimant admits the allegations of Paragraph 6 of the Complaint as written.

7.

Limitation claimant denies the allegations of Paragraph 7 of the Complaint as written.

8.

Limitation claimant denies the allegations of Paragraph 8 of the Complaint as written.

9.

Limitation claimant denies the allegations of Paragraph 9 of the Complaint as written.

10.

Limitation claimant admits the allegations of Paragraph 10 of the Complaint as written.

11.

Limitation claimant admits the allegations of Paragraph 11 of the Complaint as written.

12.

Limitation claimant denies the allegations of Paragraph 12 of the Complaint as written.

13.

In response to paragraph 13 of the Complaint, limitation claimant denies that the Letter of Undertaking filed by ABC Marine constitutes adequate security required of a vessel owner in a limitation of liability proceeding.

14.

Limitation claimant denies the allegations of Paragraph 14 of the Complaint as written.

15.

Limitation claimant denies the allegations of Paragraph 15 of the Complaint as written.

16.

Limitation claimant denies the allegations of Paragraph 16 of the Complaint as written.

**CLAIM**

**COMES NOW**¸ limitation claimant Michelle Collins, a person of majority age residing in Jefferson Parish, Louisiana individually and as personal representative of decedent Michael Collins, a person of majority age who resided at all material times in Jefferson Parish, Louisiana, through undersigned counsel, and in accordance with the provisions of Supplemental Rule F (5) of the Federal Rules of Civil Procedure, avers on information and belief the facts upon which she relies in support of this claim in limitation:

1.

On or about August 12, 2014, a spud barge and attached 4600 Ringer crane were being transported by the M/V CORY MICHAEL from the Boh Bros. yard on the Intercoastal Waterway in Orleans Parish to the Mississippi River.

2.

On or about August 13, 2014, at approximately midnight, Decedent was operating the M/V CORY MICHAEL as her captain from an 8 foot by 6 foot raised pilot house located approximately 13 feet above the vessel's wheelhouse, which pilot house was fabricated and installed on the M/V CORY MICHAEL by complaintant ABC Marine.

3.

At the aforesaid date and time, the M/V CORY MICHAEL was pushing the spud barge and 4600 Ringer crane through the Inner Harbor Navigational Canal when she reached the Florida Avenue Bridge.

4.

Decedent contacted the Florida Avenue Bridge tender and requested sufficient clearance to allow safe passage of the M/V CORY MICHAEL and her tow under the bridge.

5.

At the aforesaid date and time, the bridge was not raised to a sufficient vertical height, and, as the barge passed under the bridge, the mast of the crane struck the bridge superstructure, which in turn caused the raised and unsecured crane boom to suddenly fall and crush the raised pilot house aboard the M/V CORY MICHAEL.

6.

Decedent was killed when the crane boom crushed the raised pilot house from which he was operating the M/V CORY MICHAEL.

7.

The above-described allision and resulting death of Michael Collins was caused in whole or part by the negligence of ABC Marine in its alteration and operation of the M/V COREY MICHAEL which created an unreasonably dangerous workplace aboard the vessel under the circumstances of this voyage and rendered the M/V COREY MICHAEL unseaworthy for its intended purpose.

8.

Nothing that decedent Michael Collins did or failed to do caused or in any way contributed to the allision or his resulting death.

9.

At all material times, claimant Michelle Collins was the lawful spouse of decedent Michael Collins.

10.

The aforesaid collision caused severe preterminal mental anguish and fright to decedent for which he, through personal representative Michelle Collins, is entitled to damages in an amount to be determined by this Honorable Court.

11.

As a result of the casualty described herein, Michelle Collins has suffered loss of financial support as well as anxiety, depression, extreme emotional distress and a loss of consortium and society pursuant to the substantive general maritime law of the United States, for which losses she is entitled to damages in an amount to be determined by this Honorable Court.

12.

Jurisdiction of all claims herein against the aforesaid defendants is based upon the Jones Act, 46 U.S.C. §30105 and the general maritime law of the United States.

13.

Claimant Michelle Collins, a person of majority age residing in Jefferson Parish, Louisiana individually and as personal representative of decedent Michael Collins, a person of majority who resided at all material times in Jefferson Parish, Louisiana is entitled to maintain an action and bring this claim for the following damages arising out of the above-described allision:

a. Claim is made for compensation for the preterminal extreme mental anguish and fright of decedent Michael Collins prior to his death and for all additional damages to which he is entitled at law or equity;
b. Claim is made by Michelle Collins, individually and as decedent's personal representative for loss of financial support, consortium and society;

c. Claim is made for costs of court, pre-judgment interest and post-judgment interest to which claimant is entitled by law; and

d. Claim is made for any additional damages to which claimant may prove entitlement at law or in equity.

14.

This claim is being made under protest and without prejudice to claimant's position that this limitation action is improper and should be dismissed.

15.

Claimant's damages will exceed the limitation fund for Michelle Collins, a person of majority age residing in Jefferson Parish, Louisiana who brings this claim individually and as personal representative of decedent Michael Collins, a person of majority age who resided at all material times in Jefferson Parish, Louisiana.

**WHEREFORE**, Michelle Collins, a person of majority age residing in Jefferson Parish, Louisiana individual and as personal representative of decedent Michael Collins, a person of majority age who resided at all material times in Jefferson Parish, Louisiana, prays for judgment against limitation complainant A.B.C. Marine Towing, LLC dismissing the complaint for exoneration from or limitation of liability and in her favor for compensatory damages in an amount reasonable under the circumstances of this cause, plus costs and interest allowed by law on all amounts recovered and for all general and equitable relief to which these claimants may be

entitled under the facts and circumstances of this casualty.

Respectfully submitted,

/s/ Paul M. Sterbcow
Paul M. Sterbcow, T.A. (#17817)
Ian F. Taylor (#33408)
Jessica Ibert (#33196)
Lewis, Kullman, Sterbcow & Abramson
601 Poydras Street, Suite 2615
New Orleans, Louisiana 70130
TEL: (504) 588-1500
FAX: (504) 588-1514
Sterbcow@lksalaw.com
itaylor@lksalaw.com
jibert@lksalaawa.com

**CERTIFICATE OF SERVICE**

I do hereby certify that I have this 6th day of October, 2014, filed the above and foregoing pleading on all parties to this proceeding by filing same through the Court's CM/ECF system.

/s/ Paul M. Sterbcow