**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MICHELLE COLLINS, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF DECEDENT MICHAEL COLLINS** | **CIVIL ACTION NO. 2:14-CV-1900 C/W 2:14-CV-2100** |
| | **SECTION "L", MAGISTRATE "3"** |
| **VERSUS** | **JUDGE ELDON E. FALLON** |
| **A.B.C. MARINE TOWING, L.L.C. AND BOARD OF COMMISSIONERS PORT OF NEW ORLEANS** | **MAG. JUDGE DANIEL KNOWLES** |
| | ***Applies to: 2:14-CV-2100*** |

**ANSWER AND CLAIM OF BOH BROS. CONSTRUCTION CO., LLC**

**NOW INTO COURT**, through undersigned counsel, comes Boh Bros. Construction Co., LLC ("Boh Bros."), who in response to the "Complaint for Exoneration from and/or Limitation of Liability" filed by ABC Marine Towing, LLC ("ABC Marine"), respectfully files the following Answer and Claim.

# ANSWER

## FIRST DEFENSE

The Complaint fails to state a claim or cause of action upon which relief can be granted against Boh Bros.

## SECOND DEFENSE

AND NOW, for answer to the specific allegations of the Complaint, Boh Bros. responds as follows:

1.

The allegations of Paragraph 1 of the Complaint attempt to state legal conclusions and therefore require no response. To the extent that a response may be deemed necessary, the allegations of Paragraph 1 of the Complaint are admitted.

2.

The allegations of Paragraph 2 of the Complaint are admitted.

3.

The allegations of Paragraph 3 of the Complaint are denied, except to admit that the M/V CORY MICHAEL is a vessel.

4.

In response to the allegations of Paragraph 4 of the Complaint, it is admitted that the incident that forms the basis of this action occurred where alleged.

5.

The allegations of Paragraph 5 of the Complaint are admitted.

6.

The allegations of Paragraph 6 of the Complaint are admitted.

7.

The allegations of Paragraph 7 of the Complaint are denied.

8.

The allegations of Paragraph 8 of the Complaint are denied.

9.

The allegations of Paragraph 9 of the Complaint are denied.

10.

In response to the allegations of Paragraph 10 of the Complaint, it is admitted that ABC Marine's Complaint is timely filed.

11.

The allegations of Paragraph 11 of the Complaint are denied.

12.

The allegations of Paragraph 12 of the Complaint are denied.

13.

The allegations of Paragraph 13 of the Complaint are denied.

14.

The allegations of Paragraph 14 of the Complaint are denied.

15.

The allegations of Paragraph 15 of the Complaint are denied.

16.

The allegations of Paragraph 16 of the Complaint are denied.

## THIRD DEFENSE

The incident that forms the subject matter of this action, and any losses and/or damages allegedly resulting therefore, were not caused or contributed to by any fault, neglect, negligence, or lack of due care on the part of Boh Bros.

## FOURTH DEFENSE

Boh Bros. avers that ABC Marine is not entitled to exoneration from or limitation of liability under the provisions of the Act, because the incident which is the subject of the captioned matter was caused by the sole, joint and/or concurrent negligence, fault, want of due care and/or violations of applicable state and federal safety and navigation rules, regulations and

statutes on the part of ABC Marine and the M/V CORY MICHAEL, their officers, agents, servants, employees, masters and crew, and by the unseaworthiness of the M/V CORY MICHAEL, all of which was within the privity and knowledge of the owners and management of ABC Marine.

**FIFTH DEFENSE**

Boh Bros. specifically reserves the right to contest the value attributed to the M/V CORY MICHAEL by ABC Marine, and further specifically reserves the right to contest ABC Marine's assertions that the M/V CORY MICHAEL had no pending freight. This Honorable Court should, if necessary, appoint a Commissioner in due course to appraise said values.

**SIXTH DEFENSE**

Boh Bros. specifically reserves the right to contest whether ABC Marine has deposited adequate and sufficient security as required by law.

**SEVENTH DEFENSE**

Boh Bros. reserves the right to file a direct action against the underwriters of ABC Marine and/or the M/V CORY MICHAEL.

**EIGHTH DEFENSE**

Boh Bros. reserves the right to contest the standing of ABC Marine to seek exoneration from or limitation of liability with regard to the M/V CORY MICHAEL and the incident that is the subject of the caption matter.

# CLAIM

AND NOW, Boh Bros. appears herein as claimant against petitioner, ABC Marine, and respectfully avers as follows:

**JURISDICTION AND VENUE**

1.

This Claim is an Admiralty and Maritime Claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Honorable Court has jurisdiction over this Claim by virtue of 28 U.S.C. § 1333. Venue for this Claim is proper in the United States District Court for the Eastern District of Louisiana

**PARTIES**

2.

At all times pertinent hereto, Boh Bros. was and still is a limited liability company organized and existing pursuant to the laws of the State of Louisiana, and was the owner/operator of the "4600 Ringer Crane Barge", on which was situated a Manitowoc 4600 Ringer Crane (the "4600 Ringer Crane Barge")

3.

The M/V CORY MICHAEL was, on information and belief, owned by ABC Marine. At all pertinent times, ABC Marine was and still is an entity organized and existing pursuant to the laws of the State of Louisiana.

**FACTS**

4.

At all times during and prior to the voyage hereinafter described, Boh Bros. exercised due diligence to make the 4600 Ringer Crane Barge seaworthy in all respects and fit for its intended service. Furthermore, the 4600 Ringer Crane Barge was, in fact, tight, staunch, strong, equipped and supplied, and was in all respects seaworthy and fit for the voyage and service in which it was intended and engaged.

5.

On the evening of August 13, 2014, the 4600 Ringer Crane Barge was towed by the M/V CORY MICHAEL in the Industrial Canal, in route to IMTT's facility in Gretna, Louisiana in the Mississippi River. On that date, and during that voyage, the M/V CORY MICHAEL piloted the 4600 Ringer Crane Barge directly into and struck the Florida Avenue bridge. Both the crane and barge components of the 4600 Ringer Crane Barge were severely damaged in this collision. Boh Bros. shows that at no time did it have any personnel, agents or representatives on or near the M/V CORY MICHAEL or the 4600 Ringer Crane Barge from the time that the M/V CORY MICHAEL picked up and starting tow of the 4600 Ringer Crane Barge at Boh Bros.' Almonaster yard through and until the time that the 4600 Ringer Crane Barge struck the Florida Avenue bridge.

6.

At the time of the collision, the M/V CORY MICHAEL was being operated by Michael Collins, its Captain, employed by ABC Marine.

7.

As a result of the collision, the 4600 Ringer Crane Barge was severely damaged, necessitating significant repair costs and Boh Bros. sustained loss of use, revenue, profits and/or hire, and costs, fees and expenses, as a result. Boh Bros. also shows that the 4600 Ringer Crane Barge is the one and only ringer crane of that size (the largest) in its fleet of ringer cranes.

8.

The aforementioned incident, and any losses and/or damages resulting therefrom, were not caused or contributed to by any fault, neglect, negligence or lack of due care on the part of Boh Bros. or by any unseaworthiness of the 4600 Ringer Crane Barge.

9.

Boh Bros. avers that the aforesaid incident was caused by the sole, joint and/or concurrent negligence, fault, want of due care and/or violations of applicable state and federal safety and navigation rules, regulations and statutes on the part of ABC Marine, the M/V CORY MICHAEL, and their officers, agents, servants, employees, master and crew, and by the unseaworthiness of the M/V CORY MICHAEL.

10.

Alternatively, Boh Bros. avers that he aforementioned accident was caused by the sole, joint, and/or concurrent negligence, fault, want of due care, and/or violation of applicable state and federal safety and navigation rules, regulations and statutes on the part of the Port of New Orleans and its bridge tender in failing to raise the Florida Avenue lift bridge to a proper height to allow for the air draft of the 4600 Ringer Crane Barge to clear underneath the Florida Avenue lift bridge.

11.

ABC Marine is presumed to be at fault for the aforesaid incident by virtue of the *Rule of the PENNSYLVANIA.*

12.

Boh Bros. anticipates that the repairs to the 4600 Ringer Crane Barge will cost in excess of Four Million ($4,000,000.00) Dollars.

13.

Boh Bros. shows that it is owed complete coverage and indemnity payments for all losses, damages, loss of use, profits, costs, fees and expenses in the form of both the property damage sustained to the 4600 Ringer Crane Barge and the loss of use of same during the time

that the 4600 Ringer Crane Barge will undergo repairs in order to fix the damage caused in this incident. Boh Bros. further shows that pursuant to the Master Service Agreement signed by and between Boh Bros. and ABC Marine, Boh Bros. is a blanket additional insured and is further owed contractual liability coverage for all property damage and loss of use relating to this incident and the 4600 Ringer Crane Barge.

14.

Boh Bros. further shows that it has requested written acknowledgment and responsibility of ABC Marine and its underwriters to pay for all of the property damage and loss of use relating to this incident and the 4600 Ringer Crane Barge, all to no avail. Accordingly, and given the status of Boh Bros. as a blanket additional insured under all applicable policies of insurance, both primary and excess, with ABC Marine underwriters and insurers, Boh Bros. has established a claim for bad faith and imposition of statutory penalties and damages, plus recovery of all attorneys' fees and costs incurred by Boh Bros. in prosecuting its entitlement to be paid all monies for property damage and loss of use pertaining to the 4600 Ringer Crane Barge.

15.

Boh Bros. reserves the right to file direct actions against ABC Marine's underwriters for recovery of all property damage and loss of use pertaining to the 4600 Ringer Crane Barge, plus all statutory penalties, bad faith damages and recovery of all attorneys' fees, court costs and expert fees incurred by or on behalf of Boh Bros. in prosecuting its claim.

**WHEREFORE**, Boh Bros. Construction Co., LLC prays that the Complaint filed in Civil Action No. 2:14-CV-2100 by ABC Marine Towing, LLC, seeking exoneration from and/or limitation of liability, be dismissed with prejudice and at the cost of ABC Marine. Furthermore, Boh Bros. prays that there be judgment herein in favor of Boh Bros. and against ABC Marine and the M/V CORY MICHAEL, for all such actual and contingent damages as Boh Bros. may be

able to prove at the trial of this matter in connection with the claims set forth above, together with pre-judgment and post-judgment interest from the date of the incident until paid in full, all court costs and expenses, and for all other general and equitable relief which this Honorable Court may deem fit and proper and which this Honorable Court is competent to grant.

Respectfully submitted:

**KINGSMILL RIESS, L.L.C.**

By: /s/ Michael R. C. Riess

Michael R. C. Riess (#2073)
Charles B. Colvin (#4352)
201 St. Charles Avenue, Suite 3300
New Orleans, Louisiana 70170
Telephone: (504) 581-3300
Facsimile: (504) 581-3310
E-mail: mriess@kingsmillriess.com
E-mail: ccolvin@kingsmillriess.com
***Attorneys for Boh Bros. Construction Co., LLC***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing Answer and Claim of Boh Bros. Construction Co., LLC with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I further certify that I e-mailed and mailed the foregoing document and the notice of electronic filing by U. S. first-class mail to the non-CM/ECF participants appearing in this case, if any, on this 14th day of November, 2014.

/s/ Michael R. C. Riess
Michael R. C. Riess