UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHELLE COLLINS, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MICHAEL COLLINS | * * * * | CIVIL ACTION |
| VERSUS | * * | NO. 14-1900 |
| A.B.C. MARINE TOWING, L.L.C. AND BOARD OF COMMISSIONERS PORT OF NEW ORLEANS | * * * | SECTION: "L" (3) |

## ORDER

Before the Court is Third-Party Defendants' and Declaratory Counter-Claimants', Certain Underwriters at Lloyd's, London ("Excess Underwriters") Motion for Judgment on the Pleadings as to the claim for coverage by Boh Bros. Construction Co. L.L.C. ("Boh Bros.") and the declaratory relief sought by Excess Underwriters in their Counterclaim. (R. Doc. 68). For the following reasons, the Excess Underwriters' motion is now DENIED.

A party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). The purpose of Rule 12(c) is to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. Great Plains Trust. Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002). In deciding a 12(c) motion, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007). To avoid dismissal, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Judgment on the pleadings is appropriate where there are

no disputed issues of material fact and only questions of law remain. *Stewart v. Grand Isle Shipyard, Inc.*, 2011 U.S. Dist. LEXIS 148603, at *6 (E.D. La. Dec. 23, 2011) (Berrigan, J.).

As a general rule, in considering a Rule 12(c) motion, a district court must limit itself to the facts stated in the complaint.  Hughes v. Tobacco Inst., Inc., 278 F.3d 417, 420 (5th Cir. 2001) (citing St. Paul Ins. Co. v. AFIA Worldwide Ins. Co., 937 F.2d 274, 279 (5th Cir. 1991)). This Court recognizes that the Fifth Circuit has made exceptions to this limitation. See Herbert Abstract Co. v. Touchstone Props., Ltd., 914 F.2d 74, 76 (5th Cir. 1990) (holding that a district court may look to the substance of the pleadings and any judicially noticed facts); see also Voest-Alpine Trading USA Corp. v. Bank of China, 142 F.3d 887 (5th Cir. 1998) (holding that the district court could consider documents attached to the complaint; Great Plains Trust, 313 F.3d. at 311-13 (affirming district court's Rule 12(c) dismissal where the court considered documents that were referred to in the complaint even though they were not physically attached to the complaint). Nonetheless, granting a Motion for Judgment on the Pleadings "is appropriate *only if material facts are not in dispute* and questions of law are all that remain." Voest-Alpine Trading USA Corp. v. Bank of China, 142 F.3d 887, 891 (5th Cir. 1998) (emphasis added).

With regard to the present motion, the Excess Underwriters' rely upon two attached exhibits in their motion that were neither contained within nor attached to Boh Bros. Cross and Third Party Claims. Moreover, it is apparent from the Parties' briefs that there are material facts in dispute.  In fact, Boh Bros. is pursuing discovery on certain issues that may bear upon the instant motion.  *See* (Rec. Doc. 117) Thus, notwithstanding the aforementioned exceptions, the Court finds the issues presented in this motion are ill-suited for consideration under Rule 12.

Accordingly, **IT IS ORDERED** that the Excesss Underwriters' Motion for Judgment on the Pleadings is **DENIED**.

New Orleans, Louisiana, this 30th day of June, 2015.

UNITED STATES DISTRICT JUDGE