UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHELLE COLLINS, INDIVIDUALLY AND | * | CIVIL ACTION |
| AS PERSONAL REPRESENTATIVE OF THE ESTATE | * | |
| OF MICHAEL COLLINS | * | |
| | * | |
| VERSUS | * | NO. 14-1900 |
| | * | |
| A.B.C. MARINE TOWING, L.L.C. AND | * | SECTION: "L" (3) |
| BOARD OF COMMISSIONERS PORT | * | |
| OF NEW ORLEANS | * | |

**ORDER & REASONS**

Before the Court is a Rule 12(b)(6) motion to dismiss Plaintiff's punitive damage claims alleging gross negligence under general maritime law. (R. Doc. 153). The Court has reviewed the briefs and the applicable law and now issues this Order and Reasons.

**I.    BACKGROUND**

This case arises out of a fatal allision with the Florida Avenue lift bridge (the "Bridge"), which spans the Inner Harbor Navigational Canal in Orleans Parish, Louisiana. On, or about, August 12, 2014, the M/V CORY MICHAEL ("CORY MICHAEL") was towing the 4600 Ringer Crane Barge and Manitowic 4600 Ringer Crane (collectively the "Crane Barge") through the Canal from the Intercoastal Waterway towards the Mississippi River. The COREY MICHAEL was owned and operated by ABC Marine whereas the Crane Barge was owned by Boh Bros. At approximately midnight on August 13, 2014, the mast of Crane Barge allided with the bridge, causing the crane boom to fall onto the pilot house from which Michael Collins was operating the CORY MICHAEL, which resulted in his death.

Decedent's widow, Michelle Collins ("Plaintiff"), sued ABC Marine L.L.C. as decedent's Jones Act employer/vessel owner alleging negligence under the Jones Act, 46 U.S.C.

§ 30104, et seq., and vessel unseaworthiness; sued Boh Bros. Construction Co. as owner of the Crane Barge alleging general maritime law negligence; and sued the Board of Commissioners of the Port of New Orleans (the "Board") as owner and operator of the Bridge alleging general maritime law negligence.  Following discovery, on July 8, 2015, Plaintiff filed a Second Amended Complaint alleging gross negligence by the Board and seeking punitive damages. (R. Doc. 148).  The Board has brought the present Rule 12(b)(6) motion to dismiss Plaintiff's claims for punitive damages arguing that punitive damages are not recoverable as a matter of law under either the Jones Act or general maritime law.

II.     **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim if the claimant fails to set forth a factual allegation in support of its claim that would entitle it to relief.  *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir.2007).  Those " '[f]actual allegations must be enough to raise a right to relief above the speculative level.' " *Gonzalez v. Kay,* 577 F.3d 600, 603 (5th Cir.2009) (quoting *Twombly,* 550 U.S. at 555)."To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The Court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the non-moving party, *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir.2009), but the Court need not accept as true legal conclusions couched as

factual allegations. *Iqbal,* 556 U.S. at 678. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

### III.   PRESENT MOTION

The fact in the complaint which is most relevant to the instant motion is that the Decedent was a seaman killed in Louisiana territorial waters allegedly due to the gross negligence of the Board, a third party tortfeasor who was not the Decedent's employer. Plaintiff brings a claim for punitive damages against the Board under the general maritime law. The Board argues that the Plaintiff does not possess a cause of action for punitive damages based on *Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990), *McBride v. Estis Well Service, LLC,* 768 F.3d 382 (5th Cir. 2014) (en banc), and *Scarborough v. Clemenco Industries*, 391 F.3d 660 (5th Cir. 2004). The Plaintiff opposes the Defendant's motion, arguing that none of those three cases are controlling in the instant matter.

The issue plainly before this Court is whether the prohibition of a seaman's recovery under general maritime law for non-pecuniary damages against an employer, as set forth in *Miles* and affirmed in *McBride*, extends to a non-employer third party tortfeasor.

### IV.   GOVERNING LAW ON MARITIME PUNITIVE DAMAGES

A brief history of federal maritime law in regards to non-pecuniary and punitive damages is useful here. In 1920, Congress enacted the Jones Act, 46 U.S.C. § 30104, which extended to seamen the same negligence remedy afforded to railway employees under the Federal Employers' Liability Act ("FELA"). Under the Jones Act, seamen and their survivors are permitted to sue for compensation for personal injury or wrongful death based on the negligence of the seamen's employers.

### a. *Miles v. Apex*

The recognition of punitive damages as a remedy under common law and general maritime law for wilful and wanton misconduct pre-dates the adoption of the Constitution. *See Atlantic Sounding Co. v. Townsend*, 557 U.S. 404, 409-11 (2009) (re-affirming the "general rule that punitive damages were available at common law [and] extended to claims arising under federal maritime law.") Yet, despite this long-standing tradition of permitting punitive damages, the Supreme Court held in *Miles v. Apex* that "there is no recovery for loss of society in a general maritime action for the wrongful death of a Jones Act seaman." 498 U.S. at 32. In so holding, the *Miles* Court ruled that a Jones Act seaman unable to sue his employer for non-pecuniary damages directly under a Jones Act negligence claim should not be able to sue his employer for the same damages under a general maritime law unseaworthiness claim. The *Miles* Court reasoned, "It would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a judicially created cause of action in which liability is without fault than Congress has allowed in cases of death resulting from negligence." The *Miles* rationale was extended in subsequent decisions, nearly eliminating punitive damages as a maritime remedy in personal injury and wrongful death litigation. *See e.g.*, *Michel v. Total Transp., Inc.,* 957 F.2d 186, 191 (5th Cir. 1992)("follow[ing] the lead of Miles [and] hold[ing] that damages recoverable in general maritime causes of action for personal injury of a Jones Act seaman do not include loss of consortium.")

### b. *Atlantic Sounding Co. v. Townsend*

In *Townsend*, the Supreme Court revisited the expansive interpretation of *Miles*. The issue in *Townsend* was whether an injured seaman could recover punitive damages for his

employer's willful failure to furnish maintenance and cure.  Despite noting that the "reasoning of *Miles* remains sound," the Court held that *Miles* did *not* preclude punitive damages for wanton and wilful failure to pay maintenance and cure.  557 U.S. at 420.  Moreover, the *Townsend* Court went on to criticize the expansive interpretation of *Miles* that had been relied upon to preclude the recovery of punitive damages:

> [This] reading of Miles is far too broad.  Miles does not address either maintenance and cure actions in general or the availability of punitive damages for such actions.  The decision instead grapples with the entirely different question whether general maritime law should provide a cause of action for wrongful death based on unseaworthiness.  By providing a remedy for wrongful death suffered on the high seas or in territorial waters, the Jones Act and DOHSA displaced a general maritime rule that denied any recovery for wrongful death… Unlike the situation presented in Miles, both the general maritime cause of action (maintenance and cure) and the remedy (punitive damages) were well established before the passage of the Jones Act… Because punitive damages have long been an accepted remedy under general maritime law, and because nothing in the Jones Act altered this understanding, such damages for the wilful and wanton disregard of the maintenance and cure obligations should remain available in the appropriate case as a matter of general maritime law.

*Id.* at 419-420.  In holding that a Jones Act seaman has a general maritime law punitive damage remedy for wilful failure to pay maintenance and cure, the *Townsend* Court stated that the "laudable quest for uniformity does not require narrowing of damages to the lowest common demoninator approved by Congress for distinct causes of action." *Id.* at 424.  In the wake of *Townsend*, the law with respect to punitive damages in maritime cases became somewhat unsettled as lower courts were forced to determine the extent to which the reasoning of *Miles* remained "sound."

    c.  *McBride v. Estis Well Service*

On rehearing en banc, in an effort to to clarify some of the post-*Townsend* uncertainty, the Fifth Circuit sought to determine whether the Supreme Court's decision in *Miles*, holding

that the Jones Act limits a seaman's recovery against his employer for personal injuries or wrongful death resulting from negligence or unseaworthiness under the general maritime law to "pecuniary losses," is still good law and whether that holding precludes plaintiffs' claims for punitive damages. *McBride v. Estis Well Serv., L.L.C.*, 768 F.3d 382, 385 (5th Cir. 2014) *cert. denied*, (2015)

Emphasizing the fact that the *Townsend* court distinguished maintenance and cure from the seamen's remedies for compensatory damages based on negligence and unseaworthiness, the *McBride* court held that there is no right to recover punitive damages from a Jones Act employer under the general maritime law for gross unseaworthiness. *Id*. at 391.

V.      ANALYSIS

It is indisputable that *Miles* and *McBride* involve claims for wrongful death of a seaman *against a Jones Act employer*. In other words, neither the *Miles* nor the *McBride* opinions address an action by a seaman against a *non-employer third party tortfeasor*. The Jones Act forecloses recovery for non-pecuniary loss in general maritime law cases only with respect to the relationship between a seaman and his employer. A seaman's status is relevant only in actions under the Jones Act or, after *Miles* and *McBride*, under the general maritime law *against his employer*. The Jones Act has no bearing on Plaintiff's claim against the Board. As far as the Board is concerned, it should make no difference whether the Plaintiff was a seaman, a longshoreman or a passenger. Thus, there is no need for uniform treatment of an employer and a third party tortfeasor where there is no statutory remedy that is different than the general maritime law remedy.

For example, if a seaman was transporting goods on land in the course and scope of his employment and was struck by a drunk driver, he may bring a claim against the drunk driver.

The seaman may also have a claim against his or her employer as he was acting within the course and scope of his employment; however, his status as a seaman is irrelevant in his action against the drunk driver. The only relevant question is whether he does, in fact, have a cause of action for punitive damages under Louisiana law, which he undoubtedly does. La. Civ. Code Ann. art. 2315.4. Similarly, here, the Plaintiff's status as a seaman is irrelevant in his action against the Board. Again, the only relevant question is whether he has a gross negligence claim for punitive damages under general maritime law. And, the relevant case law answers this question in the affirmative. *See Atlantic Sounding Co. v. Townsend*, 557 U.S. 404 (2009) (holding that a Jones Act seaman has a general maritime law punitive damage remedy for wilful failure to pay maintenance and cure because of the long-standing historical availability of punitive damages under general maritime law); *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008)(holding that fishermen could recover punitive damages under general maritime law for pure economic harm following the Exxon Valdes disaster because such damages were not pre-empted by Congress.[1]).

Despite the foregoing, it must be recognized that in *Scarborough v. Clemenco Industries*, the Fifth Circuit held "that neither one who has invoked his Jones Act seaman status nor his survivors may recover nonpecuniary damages from non-employer third parties." 391 F.3d 660, 668 (5th Cir. 2004). In *Scarborough*, the family of a deceased Jones Act seaman sued non-employer third parties under general maritime products liability law. Specifically, and relying heavily of *Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496 (5th Cir. 1995)(en banc),

---

[1] "All in all, we see no clear indication of congressional intent to occupy the entire field of pollution remedies, see, *e.g., United States v. Texas,* 507 U.S. 529, 534, 113 S.Ct. 1631, 123 L.Ed.2d 245 (1993) ("In order to abrogate a common-law principle, the statute must speak directly to the question addressed by the common law" (internal quotation marks omitted)); nor for that matter do we perceive that punitive damages for private harms will have any frustrating effect on the CWA remedial scheme, which would point to preemption." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 489 (2008).

*Scarborough* held that *Miles* precluded a seaman's survivors from recovery of non-pecuniary damages from non-employer third parties, stating:

> In *Guevara*, this court found that no Congressional remedial scheme prohibited the award of non-pecuniary damages in general maritime suits for maintenance and cure. The court still found, however, that non-pecuniary damages should not be allowed based on two factors. First, although no Congressional act was directly applicable, the court found that Congressional acts apply to highly analogous factual scenarios and that the judiciary should not allow more expansive remedies in a judicially created cause of action then Congress had allowed in related remedial schemes. Second, the court found that a concern for uniformity in federal admiralty law, as strongly expressed in *Miles*, militated against allowing punitive damages in one class of maintenance and cure actions but not in another. Similar concerns are applicable in this case.

*Scarborough*, 391 F.3d at 668. The Fifth Circuit in *Scarborough* used the analysis in *Guevara* to justify broadening the *Miles* limitation of general maritime law punitive damage recovery to third party claims.

While the Court understands its obligation to follow Fifth Circuit precedent, the basis of *Scarborough* is *Guevara*, which was abrogated by *Townsend*. Thus, *Scarborough* has been effectively overruled. *Townsend*, which was decided after *Scarborough* in 2009, calls into question the legal reasoning and conclusions espoused in *Scarborough*. In *Townsend*, the Supreme Court reined in the expansive interpretation of *Miles*, finding that the "laudable quest for uniformity does not require narrowing of damages to the lowest common denominator approved by Congress for distinct causes of action." *Townsend*, 557 U.S. at 424. Thus, given that the *Townsend* court not only abrogated *Guevara*, but specifically limited the broad application of *Miles*, *Scarborough* is inconsistent with current Supreme Court precedent. The takeaway from *Townsend*, the governing Supreme Court law on the availability of punitive damages under general maritime law, is that a seaman can recover punitive damages under general maritime law if the Jones Act is not implicated. In fact, if the Jones Act is not implicated, the seaman is treated no differently in his ability to bring a cause of action than a non-seaman.

Neither the Jones Act nor the Death on the High Seas Act (DOHSA) apply to Plaintiff's claim against the Board. Plaintiff is asserting a non-seaman general maritime law claim for punitive damages. The general maritime law as created in *Baker* and *Townsend* no longer support denial of this remedy. And, in light of *Townsend*, which emphasizes the fact that *Miles* deals with whether general maritime law should provide a remedy for wrongful death actions for damages in actions that have been limited by Congress, it can no longer be stated that *Miles* applies to a non-pecuniary claim against a non-employer third party. Moreover, notably, survivors of maritime workers governed by the Longshore & Harbor Workers' Compensation Act and survivors of non-seafarers have the right to recover consortium and punitive damages under general maritime law for territorial water deaths. *See Sea-Land Services, Inc. v. Gaudet*, 414 U.S. 573, 591 (1974)(loss of consortium available to spouse of maritime worker killed in state waters); *Rutherford v. Mallard Bay Drilling, LLC*, 2000 WL 805230 at *4 (E.D.La. 6/21/00)(punitive damages available to maritime employee injured in state waters); *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199 (1996)(holding that state remedies remain applicable in wrongful death and survival actions arising from accidents to nonseamen in territorial waters).

## VI.    CONCLUSION

Accordingly, IT IS ORDERED that Defendant's 12(b)(6) motion to dismiss is **DENIED**. Nonetheless, the Court notes that under *Matter of P&E Boat Rentals, Inc.*, punitive damages may not be imposed against an organization when one or more of its employees decides on its own to engage in malicious or outrageous conduct. 872 F.2d 642, 652 (5th Cir. 1989) ("If the corporation has formulated policies and directed its employees properly, no purpose would be served by imposing punitive damages against it except to increase the amount of the judgment."). Therefore the Court may need to revisit this issue on summary judgment. Thus, this Court will

no doubt be required to consider the availability of this remedy on a future motion for summary judgment.

*Eldon E. Fallon*