# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHELLE COLLINS, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MICHAEL COLLINS | * * * * | CIVIL ACTION |
| VERSUS | * * | NO. 14-1900   REF: All Cases |
| A.B.C. MARINE TOWING, L.L.C. AND BOARD OF COMMISSIONERS PORT OF NEW ORLEANS | * * * | SECTION: "L" (3) |

## ORDER AND REASONS

Before the Court is the Port's motion to reconsider the Court's July 7, 2017 Order and Reasons. Lloyd's[1] opposes the motion. Having considered the parties' arguments, submissions, and applicable law, the Court now issues this Order and Reason.

## I.    BACKGROUND

This insurance dispute arises out of a fatal collision at the Florida Avenue Bridge, which spans the Inner Harbor Navigational Canal in Orleans Parish, Louisiana. On or about August 12, 2014, a spud barge and attached barge crane were being transported by the M/V CORY MICHAEL through the Canal from the Intercoastal Waterway towards the Mississippi River. The M/V CORY MICHAEL is owned by ABC Marine. *See* Rec. Doc. at 5; Case No. 16-cv-11559. Boh Brothers was the owner/operator of the barge. *See id.* The Board of Commissioners of the Port of New Orleans ("Port") was the owner/operator/custodian of the Florida Avenue Bridge. *See id.*

At approximately midnight on August 13, 2014, Mr. Michael Collins, decedent, was operating the M/V CORY MICHAEL, which was pushing the spud barge and barge crane. *See*

---

[1] For the purpose of this Order and Reasons, "Lloyd's" refers interchangeably to Plaintiff and its possessive form.

*id.* at 5. Mr. Collins had contacted the Florida Avenue Bridge and requested sufficient clearance to allow safe passage underneath the bridge. *Id.* As the M/V CORY MICHAEL passed underneath, the bridge was not sufficiently raised, and the mast of the crane struck the bridge superstructure, which caused the raised crane boom to fall and crush the pilot house. *Id.* Mr. Collins was killed. *Id.* at 6.

A variety of maritime claims and cross claims were filed, settled or addressed in this Court as a result of the accident, and were consolidated under Case No. 14-cv-1900. The instant action, however, remains. *See generally* Rec. Doc. 1; Case No. 16-cv-11559. Lloyd's issued a Protection and Indemnity Insurance Policy ("P&I Policy") to ABC Marine, providing primary and excess hull and machinery collision insurance. *See id.* at 2. Parties dispute whether ABC Marine listed Boh Brothers as an additional insured under the P&I Policy. The P&I Policy contained a subrogation clause that subrogated all rights to which the assured may have against a third person to Lloyd's. *Id.*

In the wake of the above described allision, Boh Brothers filed a claim against the Port seeking compensation for damages sustained by the barge and a third-party complaint against Lloyd's in this action, seeking insurance coverage for the claims asserted against Boh Brothers and for Boh Brothers's own losses. *Id.* at 6. Lloyd's and Boh Brothers resolved the coverage dispute over Boh Brothers's losses by which Lloyd's paid Boh Brothers $320,000.00. *Id.* at 7. Lloyd's now claims that as a result of this payment, Lloyd's was subrogated to Boh Brothers's rights against the Port under the blanket subrogation clause in the P&I Policy, Louisiana law, and equity. *Id.* Because Lloyd's was subrogated to Boh Brothers's rights against the Port, Lloyd's claims that the Port is now liable to it in the amount of $320,000.00, plus interest, fees, and costs.

*Id.* at 8. Meanwhile and separately, the Port settled with Boh Brothers's. *See* Rec. Doc. 385-1 at 3.

The Port timely answered Lloyd's complaint and raised a number of affirmative defenses, including prescription, estoppel, laches, and the statute of limitations. Rec. Doc. 4 at 1. The Port admitted to entering into a confidential settlement agreement with Boh Brothers and asserted it had no knowledge of Lloyd's alleged subrogation rights. *Id.* at 6. The Port noted that fault will be determined at trial, and should act as a complete bar or mitigating factor to Lloyd's recovery; furthermore, the Port alleged, among other things, that Collins had the last clear chance to avoid the accident, that the Port did not contribute to the property loss, that any loss was caused by third parties or intervening acts, that Collins and ABC Marine violated the primary duty doctrine, and that Lloyd's has no right of action. *Id.* at 7. In addition, the Port claimed that Lloyd's has waived rights of subrogation, that Boh Brothers was not made whole, and that if subrogation rights exist, they were waived when Lloyd's failed to notify the Port. Finally, the Port plead Louisiana Civil Code articles 1826(b) and 2644 in its defense. *Id.*

Lloyd's filed a motion for partial summary judgment, which the Port opposed. Rec. Doc. 361; Rec. Doc. 389. The Port also moved for summary judgment based on three arguments. Sealed Rec. Doc. 385. First, the Port argued that Lloyd had no subrogation rights because the subrogation clause in the P&I Policy did not apply to Boh Brothers. *Id.* at 8-10. Second, the Port argued that its settlement agreement with Boh Brothers terminated Lloyd's subrogation rights. *Id.* at 10-16. Third, the Port argued that Lloyd's should be entitled to a reduction of the claims because it transferred rights to another insurer ("Excess Underwriters"). *Id.* at 16. The Port additionally moved to bifurcate the trial into two parts: (1) Lloyd's subrogation claims and (2) the remaining issues on liability. Rec. Doc. 375-1 at 3. The Court concluded that the issues surrounding Lloyd's

subrogation rights constituted genuine issues of material fact and denied the Port's motion for summary judgment. *See* Rec. Doc. 398 at 13. The Court granted the Port's motion to bifurcate trial. Rec. Doc. 398 at 19.

## II. PRESENT MOTION

The Port filed a motion to reconsider, asking the Court to reconsider its July 7, 2017 ruling on the Port's motion for summary judgment. Rec. Doc. 400. Specifically, the Port requests that the Court reconsider two holdings. *Id.* at 1. First, the Port requests that the Court reconsiders its ruling that Boh Brothers's status as an additional insured under the P&I Policy entitles it to first-party coverage. *Id.* Second, the Port requests that the Court to reconsider its ruling denying the Port's request to reduce Lloyd's subrogation claim. *Id.*

## III. LEGAL STANDARD

A motion that calls into question the correctness of a judgment is typically a motion under Federal Rule of Civil Procedure 59(e). *Bodin v. Gulf Oil Corp.*, 877 F.2d 438, 440 (5th Cir. 1989) (citing *Harcon Barge Co. v. D&G Boat Rentals Inc.*, 784 F.2d 665, 669-70 (5th Cir. 1989)). Rule 59(e) motions must be filed within 28 days of the final judgment. Fed. R. Civ. P. 59(e). When deciding whether to grant a Rule 59(e) motion, the district court has considerable discretion. *Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993); *see also Flynn v. Terrebonne Parish School Bd.*, 348 F. Supp. 2d 769, 771 (E.D. La. 2004). In order to prevail on a Rule 59(e) motion to alter or amend the judgment, courts in this district have held that the moving party must prove that either: "(1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence, (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is necessary is justified by an intervening change

in the controlling law." *Flynn*, 348 F. Supp. 2d at 771; *see also Fidelity & Deposit Co. of Md. v. Omni Bank*, No. CIV. A. 99-1167, 1999 WL 970526, at *3 (E.D. La. Oct. 21, 1999).

Additionally, a "[c]ourt's reconsideration of a prior order is an extraordinary remedy which should be used sparingly." *Flynn*, 348 F. Supp. 2d at 771. The Fifth Circuit favors denial of Rule 59(e) motions to amend or alter. *See Southern Constructors Group, Inc. v. Dynalectric Co.*, 2. F.3d 606, 610-11 (5th Cir. 1993), *In re Self*, 172 F. Supp. 2d 813 (W.D. La. 2001). Accordingly, "[a] Rule 59(e) motion . . . cannot be used to relitigate issues with new arguments that could and should have been presented before the judgment was rendered." *Fidelity*, 1999 WL 970526 at *3. When a party seeks to challenge a summary judgment on the basis of evidence not introduced at trial, the district court must balance the need to bring litigation to an end and the need to render just decisions. *Lavespere v. Niagra Mach. & Tool Works*, 910 F.2d 167, 174 (5th Cir. 1990).

## IV. DISCUSSION

The Port requests the Court to reconsider its Order under both Rule 59(e) and Rule 60(b). *See* Rec. Doc. 401-1 at 3-4. While Rule 59(e) motions must be filed within 28 days of the final judgment, motions under Rule 60(b) may be filed at a later date. Fed. R. Civ. P. 59(e); 60(b). However, this does not mean that the court or the filing party may choose which rule applies. "If a motion falls within the scope of Rule 59(e) and is timely served . . . as that rule requires, then the court must consider it as a Rule 59(e) motion . . . ." *Harcon Barge Co.*, 784 F.2d at 668. Therefore, because the Port's motion was filed within 28 days of the final judgment, it must be viewed as a Rule 59(e) motion.

The Port argues that the Court was incorrect in finding that Boh Brothers's status as an additional insured under the P&I Policy entitled it to first-party coverage. *See* Rec. Doc. 400-1 at 4-6. The Port does not deny that Boh Brothers is entitled to additional insurance under the P&I

5

Policy, but argues that the P&I Policy entitles Boh Brothers to third-party, rather than first-party, liability coverage. *Id.* at 6. However, whether Boh Brothers is entitled to third-party or first-party liability coverage is not relevant to the matter at hand. In its denial of the Port's motion for summary judgment, this Court concluded that "the blanket additional insured provision covered Boh Brothers's barge." Rec. Doc. 398 at 16. The Port concedes this, admitting that Boh Brothers is an additional insured under the policy. Rec. Doc. 400-1 at 6. The distinctions between the various types of insurance coverage that the Port points to are not "necessary to prevent a manifest error of fact or law," do not present newly discovered evidence, are not "necessary to prevent manifest injustice," and do not address any changes in the controlling law. *See Flynn v. Terrebonne Parish School Bd.*, 348 F. Supp. 2d at 771.

Additionally, the Port argues that Lloyd's is not entitled to all of its subrogation claims because it assigned subrogation rights to another insurer ("Excess Underwriters"). Rec. Doc. 400-1 at 18. However, the Port has already made this argument in its motion for summary judgment as well as its response. *See* Rec. Doc. 385; Rec. Doc. 397 at 11. The Port relies on *In Re Self* to establish the fact that it has met its burden under Rule 59(e). Rec. Doc. 400-1 at 3; 172 F. Supp. 2d 813. In that case, the Western District of Louisiana noted that "[a] Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *In re Self*, 172 F. Supp. 2d at 816 (citing *Clay v. Daichi Shipping*, No. Civ.A. 97-3630, 2000 WL 6269 at *1 (E.D. La. Jan. 5, 2000)). The *Self* Court additionally noted that "a motion based on recycled arguments only serves to waste the resources of the court." 172 F. Supp. 2d at 816 (citing *Louisiana v. Sprint Communications Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995)). In this case, the Port's arguments go against the spirit of Rule 59(e). The Port is simply recycling old arguments and attempting to relitigate issues in the case.

## V. CONCLUSION

Based on the foregoing reasons, accordingly,

**IT IS ORDERED** that the Port's motion to reconsider (Rec. Doc. 400) is **DENIED**.

New Orleans, Louisiana, this 20th day of September, 2017.

**ELDON E. FALLON**
United States District Judge